IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

FILED

JUN 2 4 2004

LARRY W. PROPES, CLERK
CHARLESTON, SC

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br>　　vs.<br>Proceeds from the sale of One Parcel of Real Property Designated as Lot 71, Harbor Island Ocean Lots, generally known as 160 Harbor Drive N., Saint Helena Island, in the County of Beaufort, State of South Carolina, together with all improvements thereon and with all rights and easements appertaining,<br><br>　　　　　　　Defendant 1,<br><br>Having Been Titled in the name of: Gina J. Davids;<br><br>One Promissory Note in the Principal Amount of $330,000, plus interest, dated December 5, 2003, payable to Gina J. Davids given by Michael Bruet and Kathy Bruet, and any all proceeds therefrom,<br><br>　　　　　　　Defendant 2;<br>and<br><br>All Security Interest in that Certain Mortgage from Michael Bruet and Kathy Bruet to Gina J. Davids, affecting certain real property known as One Parcel of Real Property Designated as Lot 71, Harbor Island Ocean Lots, generally known as 160 Harbor Drive N., Saint Helena Island, in the County of Beaufort, State of South Carolina, dated December 9, 2003 and recorded December 16, 2003 in the Beaufort County RMC Office in Mortgage Book 1885, at Page 1723,<br><br>　　　　　　　Defendant 3. | CIVIL ACTION NO.:<br>**9 04 1917 08**<br><br>WARRANT OF ARREST<br>AND NOTICE<br>*IN REM* |



TO:   UNITED STATES MARSHAL'S SERVICE

WHEREAS, a Complaint as above-styled was filed on June 16, 2004, by the United States Attorney for the District of South Carolina against the captioned Defendants, this being a forfeiture action in rem; and

WHEREAS, the Court being satisfied that, based on the aforesaid Complaint, there is probable cause to believe that the Defendant properties constitute or are traceable to:

a.  proceeds from violations of Title 18, United States Code (U.S.C.), Section 371, Conspiracy; Title 18 U.S.C., Section 1341, Mail Fraud; Title 18 U.S.C., Section 1343, Fraud by Wire; Title 18 U.S.C., Section 1348, Securities Fraud; Title 15, U.S.C., Sections 78j(b) & 78ff, False SEC Filings; and Title 15 U.S.C., Section 78m(b)(2)(A), 78m(b)(5) and 78ff, False Books and Records;

b.  property involved in money laundering transactions or attempted transactions in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), and 1956(a)(1)(B)(i); and

c.  proceeds of some other form of specified illegal activity set forth in 18 U.S.C. 1956(c)(7),

and that grounds for application for issuance of this Warrant of Arrest in Rem exist, title having vested in the United States by operation of law;

NOW THEREFORE, for the reasons and causes mentioned in the Complaint for Forfeiture in Rem, and praying for the usual process of the Court in the Plaintiff's behalf so that all persons having any right, title, or interest in the subject properties may be cited to appear and answer all issues raised by the Complaint;

YOU ARE HEREBY COMMANDED to arrest, attach, detain and maintain the Defendant properties in your custody until further order of this Court respecting the same; and to use whatever

means the United States Marshal or his agents, at their discretion, deem appropriate to protect and maintain the said Defendant properties.

YOU ARE FURTHER COMMANDED to give due notice, by personal service, if practicable, and otherwise by publication, to all persons known or thought to have an interest in or right against the Defendant properties; to give them notice that in order to prevent loss of all rights in and to the Defendant properties they must, pursuant to Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims and 18 U.S.C. § 983(a)(4)(A), file a verified statement of interest in or right against the Defendant properties with the Clerk of this Court within thirty (30) days after the earlier of (1) receiving actual notice of execution of process, or (2) completed publication of notice under Rule C(4), or within such additional time as may be allowed by the Court; and that they must serve their respective Answers within twenty (20) days after the filing of their statement of interest in or right against the Defendant properties; and to give them notice that they must serve a copy of any such statement of interest in or right against the Defendant properties they make, and of any Answer or other pleading they may file, upon the United States Attorney for the District of South Carolina.

YOU ARE FURTHER COMMANDED that, if the Defendant properties are not released within ten (10) days after execution of process under appropriate order of this Court, then you are directed to give public notice of the captioned action, and of the Defendants' arrest and seizure, to all persons whomever and wherever, by publication once a week for three (3) consecutive weeks in "The State", a newspaper having a general circulation in the judicial and Customs district in which the properties will be seized, said notice to specify that in order to prevent loss of all rights in and to the Defendant properties, a verified statement of interest in or right against the Defendant properties must be filed within thirty (30) days after completion of publication as above provided and that an Answer must be served within twenty (20) days after the filing of the claim.

3

After the execution of this process, you shall file same with this Court with your return thereon.

THIS Warrant and Notice in Rem was ordered by The Honorable Sol Blatt, Jr., Judge of the captioned court in the District of South Carolina, on March 24, 2004.

> LARRY W. PROPES, Clerk
> United States District Court
> District of South Carolina
>
> By: *Eunice G. Rauner*
> Deputy Clerk